JAMES L. CURRIE, Adm'r d. b. n. of MALCOLM BLUE, v. N. D. J. CLARK, Guardian of MALCOLM CLARK.

*Statutes of Limitations and Presumptions—Exceptions at Trial.*

1. Sec. 18, ch. 65, Rev. Code, was not a statute of limitation, but only raised a presumption of payment, which might be at any time rebutted by proof that the bond had not been paid.

2. In the absence of any exception it will always be presumed that the conduct of the trial and the judgment of the Court below were correct.

CIVIL ACTION, originally commenced before a Justice of the Peace for the county of MOORE, and carried by appeal to the Superior Court of said county, and tried before *Clark*, *J.*, at April Term, 1887.

The material facts presented in the record are as follows:

On the 11th day of September, 1875, John McKay, administrator of Malcolm Blue, commenced an action against M. C. Clark and A. R. McDonald, administrator of Arch. Ray, deceased, before a Justice of the Peace to recover the sum of $200, alleged to have been due on a bond executed the 7th day of June, 1858, by Malcolm Brown, Arch. Ray and M. C. Clark.

On the 25th day of September, 1875, judgment was rendered against the defendants in said action for $200, interest and cost.

On the 29th of January, 1881, the said M. C. Clark was, in certain proceedings, properly instituted, declared a lunatic, and the defendant, N. D. J. Clark, was duly appointed his guardian, and on the 3d day of February, 1881, the said guardian moved, before a Justice of the Peace, to set aside said judgment, upon affidavit, because of the "mental inability of the said M. C. Clark," and for the want of service of summons on him.

The motion was denied and the defendants appealed.

Thereafter, John McKay having died, J. L. Currie was appointed administrator *d. b. n.*, &c., and made party plaintiff, and by a judgment rendered at August Term, 1885, of the Superior Court, said judgment was set aside.

On the 25th day of August, 1885, the plaintiff commenced this action before a Justice of the Peace to recover the said sum of $200 and interest, alleged to be due and unpaid on the bond, which was the subject of the former action. The defendant denied the execution of the bond, and as a further defence relied upon "the statute of limitations and the statute of presumptions." Judgment was rendered by the Justice of the Peace against the defendant, from which he appealed to the Superior Court.

In the Superior Court the jury, upon issues submitted, having found by their verdict "that M. C. Clark executed

the bond sued on; that the same has not been paid, and that it is not barred by the statute of limitations or presumptions of payment"—it was adjudged that the plaintiff recover the amount of the bond, interest and costs; and from this judgment the defendant appealed.

*Mr. John Hinsdale,* for the plaintiff.
No counsel for the defendant.

DAVIS, J., (after stating the case.) The bond on which the judgment was rendered having been executed June 9th, 1858, and the summons in the action having been issued on the 25th day of August, 1885, it is insisted by counsel for the defendant, that " it was presumed to be paid and barred by the statute of presumptions," and that the judgment of September 25th, 1875, having been set aside, could have no force and effect, and though the action in which that judgment was rendered was commenced within ten years, and the present action was commenced within less than a year after it was set aside, the judgment so set aside " was equivalent to no judgment, whether remaining upon the docket or not."

The bond sued on having been executed in 1858, there can be no question as to its being governed by the statute of presumptions (R. C., chap. 65, sec. 18). This is not a statute of limitations, and no bar to a recovery, but only raises a presumption of payment, which may be rebutted; and, in view of the verdict of the jury, it is unnecessary for us to determine whether the second action, commenced within less than a year after the judgment in the former was set aside, would of itself repel the statutory presumption of payment, by relation back to the commencement of the first action, in analogy to the provision contained in section 8, chapter 65, of the Revised Code, and in section 166 of *The Code.*

It appears from the record that the jury found, as a fact, that the "bond had not been paid," and if so, it makes no difference whether the action was commenced within ten years or after ten years.

What evidence was before the jury, or whether there was any exception to any evidence, does not appear; nor does it appear that any instruction was asked for, or that any given by the Court was excepted to, and, in the absence of anything indicating the contrary, we must assume that the finding of the jury was correct.

There is no error. Affirmed.